UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKS COUNTY EMPLOYEES' RETIREMENT FUND, on behalf of itself and others similarly situated shareholders of First American Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>FIRST AMERICAN CORPORATION, *et al.*<br><br>                    Defendants. | No. 08 Civ. 5654 (LAK)<br><br>ECF CASE |

## LEAD PLAINTIFF'S RESPONSE TO VICKY HAMILTON'S MOTION TO QUASH

Pursuant to the Individual Practices of the Honorable Lewis A. Kaplan, Lead Plaintiff Berks County Employees' Retirement Fund ("Lead Plaintiff") respectfully submits this response to the motion by Vicky Hamilton to quash Lead Plaintiff's deposition subpoena *ad testificandum*. As this Court noted in *Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) (Kaplan, J.), "it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition." Ms Hamilton has not done so here.

    1.    As the Court is aware, the Amended Complaint[1] alleges defendant eAppraiseIT engaged in undisclosed improper and illegal conduct in connection with real estate appraisals performed for Washington Mutual, Inc. ("WaMu"). In particular, the Complaint alleges that contrary to the applicable rules and regulations as well as representations contained in eAppraiseIT's website and other public statements, eAppraiseIT did not provide objective, independent appraisals. Instead, eAppraiseIT allowed WaMu to decide what appraisers would be assigned to appraise properties that were the subject of WaMu mortgage loans, in order to

---

[1] A copy of the Amended Complaint is attached hereto as Exhibit 1 (the "Complaint" or "Cplt.").

ensure that the appraisers would provide the high appraisal values that WaMu's loan staff desired in order to justify and facilitate the extension of mortgage loans.

2. Far from showing that Ms Hamilton should not be deposed in this action, the declaration of her attorney, Richard F. Hans, Esq.,[2] demonstrates the opposite. Mr. Hans's declaration admits that Ms Hamilton was a key player in the eAppraiseIT-WaMu relationship and thus is in a position to render relevant and material testimony concerning that relationship. Mr. Hans states that "as Vice President of Operations in eAppraiseIT's Poway, California office ... Ms. Hamilton was responsible for the appraisal operations relating to the WaMu account" and "Ms. Hamilton was primarily responsible for the day-to-day communications with WaMu employees relating to the appraisal services rendered by eAppraiseIT."[3] Given these concessions as to Ms Hamilton's role in the eAppraiseIT-WaMu relationship, the materiality of her testimony as to the underlying factual allegations in this case cannot be disputed.

3. Mr. Hans also stresses that Ms Hamilton was deposed for 14 hours in the Attorney General's case,[4] was deposed by the Office of Thrift Supervision ("OTS"), and was interviewed by another regulatory agency that Mr. Hans chooses not to identify.[5] The fact that so many regulators focusing on the WaMu-eAppraiseIT relationship have found her testimony important underscores, rather than undercuts, the relevance of her testimony to the case at bar.

4. The crux of Ms Hamilton's argument against being deposed is that "she had no interaction with anyone employed at the parent First American" and that she would be unable to provide testimony regarding First American's public statements or financial statements, or

---

[2] Declaration of Richard F. Hans in Support of Motion to Quash, dated April 21, 2010 ("Hans Decl.").
[3] Hans Decl. ¶ 4.
[4] Hans Decl. ¶ 5.
[5] Hans Decl. ¶ 7.

whether the First American senior officers named as defendants had knowledge of the falsity of Company's and their own public statements.[6] Such argument overlooks that eAppraiseIT itself and Anthony R. Merlo Jr. and David J. Feldman, two of its most senior officers during the Class Period, are also defendants in this case. Ms Hamilton concedes that she can render material testimony concerning eAppraiseIT's interactions with WaMu, such as the extent to which WaMu was allowed to select the appraisers who would appraise the properties subject to WaMu loans. She also can testify concerning her interactions with Merlo and Feldman regarding the issue of whether eAppraiseIT should use appraisers selected by WaMu.[7] While First American is also sued directly and as a control person of eAppraiseIT, Ms Hamilton's importance as a witness does not turn on her ability or inability to testify about contacts with First American officers.

     5.       Finally, the availability of the transcript of Ms Hamilton's deposition in the Attorney General's action[8] should not preclude Lead Plaintiff from deposing her in this case. Lead Plaintiff is not a party to the Attorney General's action, and Lead Plaintiff's counsel is not involved in that case. Lead Plaintiff's counsel in this case are entitled to ask their own questions and to follow up as they see fit regardless of whether Ms Hamilton was previously deposed in a different case by different counsel representing a different party. As stated in *Bey v. City of N.Y.*, No. 99 Civ. 3873 (LMM) (RLE), 2007 WL 1893723, at *4 (S.D.N.Y. June 28, 2007):

> The fact that [a witness] was deposed and provided trial testimony in a related case is not a basis for denying the deposition in the instant case, particularly in light of the fact that there is neither shared plaintiffs nor counsel in the related case.

---

[6] Hans Decl. ¶¶ 6, 8.

[7] *See* Ms Hamilton's transcript from the Attorney General's action, at pp. 50-51, 149, 178-79, 183, 300, 308, attached hereto as Exhibit 2.

[8] Apparently no records or transcripts of the OTS deposition or the other interview are available. Hans Decl. ¶ 7.

3

6.  Even if Defendant agreed to be bound by Ms Hamilton's prior deposition, that would not justify denying Lead Plaintiff the right to have its counsel conduct its own examination. "Even if we were assured of its admissibility, we do not think that [a plaintiff] should be bound by the testimony taken by another plaintiff in an unrelated action, notwithstanding [the defendant's] willingness to be so bound."[9]

7.  Therefore, it is respectfully submitted that Ms Hamilton's motion to quash should be denied in all respect.

Dated: April 23, 2010

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

By: ___/s/ James J. Sabella___
485 Lexington Avenue
New York, NY 10017
(646) 722-8500
*Attorneys for Lead Plaintiff Berks County Employees' Retirement Fund*

---

[9] *Lougee v. Grinnell*, 216 Conn. 483, 491, 582 A.2d 456, 460 (1990), *overruled on other grounds by State v. Salmon*, 250 Conn. 147, 735 A.2d 333 (1999).